<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                 Plaintiff,<br><br>   v.<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE, *et al.*,<br><br>                 Defendants. | Civil Action No. 25-15364 (GC) (JTQ)<br><br><u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon *pro se* Plaintiff Ronald Satish Emrit's Complaint and Application to Proceed *In Forma Pauperis* (IFP) and the Court's obligation to screen the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 1.[1]) The Complaint lists six Defendants: the United States Patent and Trademark Office; the United States Department of Commerce; NASA Goddard Space Flight Center; Kennedy Space Center; the American Institute of Physics; and the National Science Foundation. (*Id.* at 1.) Plaintiff is a "resident of the state[s] of Florida and Maryland" and alleges that the six Defendants are located across Florida, Maryland, Virginia, and Washington, D.C. (*Id.* at 9.) Plaintiff seeks injunctions, $500 billion in money damages, and patents, allegedly arising from his stated claims for tortious interference with contract and business relations. (*Id.* at 21-22.)

      Plaintiff is a prolific litigant known for filing frivolous complaints. *Emrit v. United States*

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

*Pat. & Trademark Off.*, Civ. No. 25-1847, 2025 WL 2674760, at *2 (E.D. La. Sept. 18, 2025) ("[Plaintiff's] voluminous pleadings take up considerable time and limited judicial resources which should appropriately be reserved to address and resolve claims which may have merit."); *Emrit v. Barkley*, Civ. No. 23-1275, 2023 WL 3300970, at *1 (3d Cir. May 8, 2023) ("Emrit has filed over 500 lawsuits throughout the country."); *Emrit v. Cent. Intel. Agency*, Civ. No. 22-35, 2022 WL 1575999, at *1 (N.D. W. Va. Apr. 1, 2022) ("A well-documented 'serial *pro se* filer' since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii."). Earlier this month, the District Court for the Eastern District of Louisiana dismissed with prejudice a complaint from Plaintiff that is substantially similar to the one filed in this Court, finding that it was frivolous. *See Emrit*, 2025 WL 2674760, at *1, *3. It had dismissed a "nearly identical" complaint five months earlier. (*Id.* at *1.) It ordered its Clerk of Court to refuse subsequent IFP complaints from Plaintiff filed without leave of court unless they "contain allegations of constitutional deprivation by reason of physical harm or threats to [Plaintiff's] person." (*Id.* at *3.)

The Complaint filed here is substantially similar to the complaints Plaintiff filed in the Eastern District of Louisiana, and therefore a similar resolution is appropriate. *See Emrit v. Musk*, Civ. No. 25-1221, 2025 WL 1367815, at *1 (3d Cir. May 12, 2025) (affirming dismissal of Plaintiff's complaint as frivolous where the district court adopted another district court's analysis). The Louisiana complaints are filed against the same six defendants. *Emrit*, 2025 WL 2674760, at *1 (citing complaint). There, as here, Plaintiff asserted two tortious interference claims. (*Id.*) There, as here, Plaintiff's allegations related to quantum mechanics, astrophysics, and principles of relativity. (*Id.*) There, as here, Plaintiff sought injunctions, patents, and $500 billion in damages. (*Id.*) There, as here, construing the complaint liberally as a district court must for a *pro*

*se* litigant,[2] Plaintiff did not allege any coherent claims, constitutional or otherwise.[3]  (*Id.*) Accordingly, the Court adopts the reasoning from the Eastern District of Louisiana's associated orders and dismisses the present complaint as frivolous.  *See id.*; Order and Reasons, *Emrit v. Trademark Office (USPTO)*, Civ. No. 25-720, 2025 WL 1487910 (E.D. La. Apr. 17, 2025).

Based upon the Court's review of the Complaint, it is clear that this action is an attempt by Plaintiff to avoid the filing injunction against him in the Eastern District of Louisiana by filing his complaint here.  Although filed in the District of New Jersey, the Complaint states that "the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas."[4]  (ECF No. 1 at 10.)  The Complaint also avers that "the U.S. District Court for the District of Louisiana has subject matter jurisdiction over this present case."[5]  (*Id.*)  As such, Plaintiff's intention to have this case heard in Louisiana is plain.  This Court also takes notice of at least one prior attempt by Plaintiff to circumvent a filing injunction issued against him by filing a complaint in the District of New Jersey "with the expectation that it would be transferred to the Southern

---

[2]    *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

[3]    Because there is no apparent federal question and because diversity is not complete, it also appears that this Court does not have subject matter jurisdiction over this case.

[4]    Plaintiff previously listed six defendants.  (ECF No. 1 at 9.)

[5]    The Court also notes that venue is improper in New Jersey.  *See* 28 U.S.C. § 1391(b)(2). Aside from Plaintiff's stated intention to file in the Eastern District of Louisiana, the Complaint contains no allegations connected to New Jersey, nor does it appear that any parties have any connection to New Jersey.  While the Court would transfer this case to the Eastern District of Louisiana, for the reasons stated in this memorandum order, doing so would not be "in the interest of justice" because it would facilitate Plaintiff's avoidance of that district's injunction against him. 28 U.S.C. § 1406(a).

District of New York." *Emrit v. Special Agent in Charge of FBI*, Civ. No. 22-6713, 2025 WL 758779, at *3 (D.N.J. Mar. 10, 2025). Accordingly, the Court will dismiss Plaintiff's Complaint with prejudice. *Cf. Emrit*, 2025 WL 2674760, at *2 n.21 ("Plaintiff's bad faith in repeatedly filing hundreds of frivolous lawsuits supports declining leave to amend.").

For these reasons, for the reasons stated by the Eastern District of Louisiana in its orders on Plaintiff's substantially similar complaints, and for other good cause shown, Plaintiff's Complaint is dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS** on this 30th day of September, 2025, **ORDERED** as follows:

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

2. The Clerk's Office shall serve a copy of this Order upon Plaintiff by regular United States mail.

3. The Clerk's Office is directed to **CLOSE** this case.

*[signature]*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

4